**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 6 2017

JAMES W. McCORMACK, CLERK
By:_____
                                    DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

ARcare, Inc. d/b/a ARcare 18, an )
Arkansas Corporation on behalf of )
itself and all others similarly situated, )
                                          )
    **Plaintiffs,**          )
                                          )
v.                                        )   Case No. _4:17-cv-351-JLH_
                                          )
Amedisys, Inc.; and                       )
Amedisys Arkansas, LLC,                   )  This case assigned to District Judge _Holmes_
                                          )  and to Magistrate Judge _Ray_
    **Defendants.**          )

---

### NOTICE OF REMOVAL

---

    Pursuant to 28 U.S.C.A. §§ 1331, 1441 and 1446, the Defendants, Amedisys, Inc. and

Amedisys Arkansas, LLC (hereinafter collectively referred to as "Amedisys"), hereby remove this

action from the Circuit Court for Lonoke County, Arkansas to this Court. As grounds for

removal, Amedisys states the following:

### INTRODUCTION

    1.    Removal of this action is proper pursuant to 28 U.S.C.A. § 1441(a), which entitles

a defendant to remove "any civil action brought in a state court of which the district courts of the

United States have original jurisdiction." This Court has original jurisdiction over this lawsuit

pursuant to 28 U.S.C. § 1331 (federal question), because the Plaintiff asserts claims arising

under the laws of the United States, in particular, the Telephone Consumer Protection Act, 47

U.S.C. § 227.

    2.    Venue properly rests in the United States District Court for the Eastern District of

Arkansas, pursuant to 28 U.S.C. § 123(c)(2), since this action is being removed from the Circuit

Court for Lonoke County, Arkansas, where it was originally filed.

### STATE COURT ACTION

3.      The Plaintiff, ARcare, Inc. d/b/a ARcare 18 (hereinafter "ARcare 18"), commenced this action on May 1, 2017, by filing a Complaint in the Circuit Court for Lonoke County, Arkansas (hereafter the "State Court Action").  The State Court Action was docketed as case number 43CV-17-292. Copies of all process and pleadings in the State Court Action are attached hereto and incorporated herein as **Collective Exhibit A**.

### FEDERAL QUESTION JURISDICTION

4.      This Court has federal question jurisdiction because ARcare 18 asserts claims arising under the laws of the United States, in particular, the Telephone Consumer Protection Act, 47 U.S.C. § 227.

5.      Accordingly, this Court has original jurisdiction over the claims asserted by ARcare 18 and, as a result, this matter is properly removed to this Court.

### TIMELINESS OF REMOVAL

6.      Amedisys was served the summons and Complaint in this matter on May 5, 2017. Accordingly, this Notice of Removal is timely filed, pursuant to 28 U.S.C.A. § 1446(b), because it is being filed within 30 days after the receipt of the Complaint.

### NOTICE TO PARTIES AND STATE COURT CLERK

7.      Pursuant to 28 U.S.C.A. § 1446(d), all parties are being provided with written notice of removal and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Lonoke County, Arkansas.

As a result, Amedisys hereby removes the State Court Action from the Circuit Court for Lonoke County, Arkansas to this Court and respectfully requests that this Court assume complete jurisdiction over all claims to the exclusion of further proceeding in the State Court.

Respectfully submitted,

*Daniel W. Van Horn* By KCB W. express permission

Daniel W. Van Horn
**Butler Snow LLP**
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
Telephone: (901) 680-7331
Facsimile: (901) 680-7201
Email:  Danny.VanHorn@butlersnow.com


-    *To Be Admitted Pro Hac Vice* –
Kevin C. Baltz (#22669)
**BUTLER SNOW LLP**
150 Third Avenue, South, Suite 1600
Nashville, Tennessee 37201
Telephone: (615) 651-6700
Facsimile: (615) 651-6701
Email:  Kevin.baltz@butlersnow.com

*Attorneys for Defendant,*
*Amedisys, Inc. and Amedisys Arkansas, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been forwarded, via U.S. First Class Mail, postage prepaid, on this 25th day of May, 2017, to the following:

Randall K. Pulliam
Justin Craig
Carney Bates & Pulliam, PLLC
519 West 7th Street
Little Rock, Arkansas 72201
rpulliam@cbplaw.com
jcraig@cbplaw.com

*Daniel W. Van Horn* By KCB W. express permission
Daniel W. Van Horn

THE CIRCUIT COURT OF __LONOKE__ COUNTY, ARKANSAS

_____ DIVISION [Civil, Probate, etc.]

ARcare, Inc. d/b/a ARcare 18, an
Arkansas Corporation.
Plaintiff

v.

Amedisys, Inc.; and Amedisys
Arkansas, LLC
Defendant

No. **43CV-17-292**

## SUMMONS

## THE STATE OF ARKANSAS TO DEFENDANT:

AMEDISYS ARKANSAS, LLC, c/o its Registered Agent
The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, Arkansas 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: __Randall K. Pulliam, 519 W. 7th Street, Little Rock, AR 72201__

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

Lonoke Court Circuit Court Clerk
301 N Center St., #202
Lonoke, AR 72086

_____
[Signature of Clerk or Deputy Clerk]

Date:_____

[SEAL]

No. _____ **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____ .

☐ I was unable to execute service because: _____

_____

**My fee is $ ____ .**

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____



### Arkansas Judiciary

**Case Title:**      ARCARE, INC ET AL V AMEDISYS, INC ET AL

**Case Number:**   43CV-17-292

**Type:**           SUMMONS - FILER PREPARED

So Ordered

Sarah A Myers

Electronically signed by SAMYERS on 2017-05-01 12:36:26    page 4 of 4

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-May-01 10:37:53
43CV-17-292
C23D01 : 9 Pages

## IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS

| | | |
|---|---|---|
| ARcare, Inc., d/b/a ARcare 18, an Arkansas Corporation, on behalf of itself and all others similarly situated | ) ) ) ) | No. |
| Plaintiff, | ) ) | **CLASS ACTION COMPLAINT** |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| Amedisys, Inc.; and Amedisys Arkansas, LLC | ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, ARcare, Inc. d/b/a ARcare 18 ("Plaintiff" or "ARcare 18"), on behalf of itself and all others similarly situated, brings this Complaint against Defendant Amedisys, Inc. and Defendant Amedisys Arkansas, LLC (collectively "Defendants") for violations of the federal Telephone Consumer Protection Act. Plaintiff seeks certification of its claims against Defendants as a class action. In support, Plaintiff states as follows:

## INTRODUCTION

1.    This case challenges Defendant's policy and practice of faxing advertisements without obtaining Plaintiff's prior express permission beforehand.

2.    Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax.

3.    Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff

offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4.      The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5.      On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendants from future TCPA violations.

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over Defendants because they operate their businesses in Arkansas.

7.      This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

8.      Venue in this district is proper because Plaintiff's business is located at 227 Pine Bluff Highway in England, Lonoke County, Arkansas.

## PARTIES

9.      Plaintiff ARcare is an Arkansas non-profit corporation located in Augusta, Arkansas. It does business under the name of ARcare 18 in England, Lonoke County, Arkansas.

10.     Defendant Amedisys, Inc. is a home health and hospice care company. It has its principal place of business in Baton Rouge, Louisiana, and is organized under the laws of Delaware.

11.     Defendant Amedisys Arkansas, LLC is a home health and hospice company. It has its principal place of business in Little Rock, Arkansas, and is organized under the laws of Arkansas.

2

## FACTS

12.     During the Class Period, Defendants sent an unsolicited advertisement to the ink-and-paper facsimile machine at ARcare 18's corporate offices in England, Arkansas. The heading of the fax bears the following information: "Amedisys 855-782-6508." The fax informs the recipient that "We Can Be There for Your At-Home Patients," that "Our home care professionals can help you monitor your flu patients this season, serving as an extension of your office during critical times," and that "WE CAN HELP BY:" performing various services. The fax also encourages the recipient to "Contact us to learn how we can help you meet the needs of your home health patients," and closes with the following statement: "PLEASE COMPLETE AND FAX BACK TO AMEDISYS AT (877) 288-7168. A copy of this facsimile is attached hereto and marked as Exhibit A.

13.     Exhibit A is an exemplary of the junk faxes Defendants send.

14.     Upon information and belief, Plaintiff has received multiple fax advertisements from Defendants similar to Exhibit A.

15.     During the Class Period, Plaintiff received additional faxes from Defendant. These have been attached as Exhibit B.

16.     Defendants did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine. Nor did Defendants have an established business relationship with Plaintiff.

## CLASS ALLEGATIONS

17.     In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of the following class of persons (the "Class"):

> All persons and entities who held telephone numbers that received one or more telephone facsimile transmissions that promoted the commercial availability or

3

quality of property, goods or services offered by "Amedisys."

18.     Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

19.     Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Class.

20.     Numerosity [Fed R. Civ. P. 23(a)(1)]. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendants have sent illegal fax advertisements to hundreds if not thousands of other recipients.

21.     Commonality [Fed. R. Civ. P. 23(a)(2)]. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

        a.      Whether Defendants sent faxes promoting the commercial availability or quality of property, goods, or services;

        b.      The manner and method Defendants used to compile or obtain the list(s) of fax numbers to which they sent the faxes attached as Exhibit A and Exhibit B to Plaintiff's Class Action Complaint and other unsolicited fax advertisements;

        c.      Whether Defendants faxed advertisements without first obtaining the recipient's express permission or invitation;

        d.      Whether Defendants sent fax advertisements knowingly or willfully;

        e.      Whether Defendants violated 47 U.S.C. § 227;

4

    f.        Whether Plaintiff and the other Class members are entitled to statutory damages;

    g.        Whether the Court should award trebled damages; and

    h.        Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, or other equitable relief.

22.        <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>.  Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received unsolicited fax advertisements from Defendants during the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendants have acted in the same manner toward Plaintiff and all Class Members.

23.        <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

24.        <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

    (a)    Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

    (b)    Evidence regarding defenses or any exceptions to liability that Defendants may assert will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

    (c)    Defendants have acted and continue to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d) The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e) This case is inherently well-suited to class treatment in that:

(i) Defendants identified persons or entities to receive their fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

(ii) Common proof can establish Defendants' liability and the damages owed to Plaintiff and the Class;

(iii) Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendants' practices; and

(vi) As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## CLAIMS FOR RELIEF

### COUNT ONE
**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

6

25.     Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

26.     The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

27.     The TCPA makes it unlawful to send any "unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

28.     Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

29.     Defendants faxed unsolicited advertisements to Plaintiff, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

30. Defendants knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendants to fax advertisements about their services and products; and (b) that Exhibit A and Exhibit B are advertisements.

31. Defendants' actions caused actual damage to Plaintiff and the Class Members. Defendants' junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendants' faxes through Plaintiff's and the Class Members' fax machines. Defendants' faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

32. In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b) Declare Defendants' conduct to be unlawful under the TCPA;

c) Award $500 in statutory damages under the TCPA for each violation, and if the Court determines the violations were knowing or willful then treble those damages;

d) Enjoin Defendants from additional violations;

e) Award Plaintiff and the Class their attorney's fees and costs;

f) Grant such other legal and equitable relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff and the Members of the Class hereby request a trial by jury.

8

DATED: May 1, 2017                    Respectfully submitted,

By:     */s/ Randall K. Pulliam*
        Randall K. Pulliam, ABN 98105
        rpulliam@cbplaw.com
        Justin Craig, ABN 2014160
        jcraig@cbplaw.com
        **CARNEY BATES & PULLIAM, PLLC**
        519 West 7th Street
        Little Rock, Arkansas 72201
        Telephone: (501) 312-8500
        Facsimile: (501) 312-8505

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-May-01  10:37:53
43CV-17-292
C23D01 : 2 Pages

# EXHIBIT A

# Flu Season is Hitting Hard.

## We Can Be There for Your At-Home Patients.

When your at-risk patients are brought down by the flu, the results can be serious, and even life-threatening. Our home care professionals can help you monitor your flu patients this season, serving as an extension of your office during critical times.

### WE CAN HELP BY:

- Assessing the frail geriatric patient.
- Performing lab work in the home.
- Monitoring patient progress and outcomes.
- Identifying acute clinical complications.

And all the while we stay in touch with you with regular patient updates. We make it easy for you to partner with us to serve your patients where they want to be – in their own homes.

*Flu can be especially dangerous for the elderly. Estimates show 50 – 60% of hospitalizations and 80 – 90% of deaths related to seasonal flu in the United States occur in people 65 years and older.*

*CDC Website, Seasonal Influenza, 2015*

Contact us to learn how we can help you meet the needs of your home health patients. We are available 24 hours a day, 7 days a week to answer questions about our home health services or take patient referrals. Or visit www. amedisys.com to learn more.

### Contact us for more information:

### PLEASE COMPLETE AND FAX BACK TO AMEDISYS AT (877) 288-7168.

**Yes** – I would like the following complimentary Amedisys resource(s):



- ☐ Patient flyer, "When Flu Strikes"
- ☐ A consultation with an Amedisys home health care specialist

NAME:_____     PHONE NUMBER:_____

EMAIL:_____     ZIP CODE:_____

☐ You may request not to receive future faxes from us. To stop receiving our faxes, please call (888) 755-2327 or send a fax to (877) 288-7168. You must include the specific telephone number of the fax machine(s) at which you do not wish to receive faxes. Failure to comply with your request within 30 days is unlawful.
FX-019-nH 01/16

ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-May-01  11:53:47
43CV-17-292
C23D01 : 5 Pages

# EXHIBIT B

01/12/2017 15:25          Amedisys  855-792-6503                              P2
501-842-3137

# Amedisys
Home Health Care

## Fast Track Home Health Referral

CMS may request medical records from Physicians. Please retain supporting documentation such as d/c summary, labs, last office visit note and medication profile in your medical record.

Please complete and fax the following information (or attach demographics / face sheet) and office visit note to: (877) 288-7168.

**PATIENT**

| | |
|---|---|
| Patient Name:_____ | SSN: _____ |
| Date of Birth:_____  M  F | Address: _____ |
| Phone:_____ | City, State, Zip: _____ |
| Alternate Contact Name: _____ | Last Flu Vaccine Date: _____ |
| Alternate Contact's Number:_____ | Referral Date: _____ |
| Primary Care Physician: _____ | Insurance Information: _____ (or attach copy) |

Office Contact Name:_____          Office Contact Number: _____

DIAGNOSIS / MEDICAL CONDITION: (List the diagnosis / medical conditions that are the primary reason the patient requires home health care.)

HgbA1C Date: _____     HgbA1C Result: _____

SKILLED SERVICES / INTERVENTIONS: (Describe services the nurse or therapist will perform in the home, e.g. assess, teach, wound care, gait training.)

**Qualifying Services**

☐  *Skilled Nursing for:* _____

☐  *Physical Therapy for:* _____

☐  *Speech Therapy for:* _____

**Additional Services**

☐  *Occupational Therapy*       ☐  *Social Work*       ☐  *Home Health Aide*

Additional Orders: _____

### CERTIFICATION FOR FACE-TO-FACE ENCOUNTER

I certify that this patient is under my care and that I, or a nurse practitioner or physician's assistant working with me or a physician who cared for the patient in an acute or post-acute facility had a face-to-face encounter related to the primary reason the patient requires home health that meets CMS requirements with this patient on:

REQUIRED: Face-to-face Encounter Date          /     /

Based on the above findings, I certify that this patient is confined to the home and needs intermittent skilled nursing, physical therapy, and/or speech therapy. The patient is under my care and I have initiated the establishment of the plan of care for home health.

Physician's Printed Name: _____

Physician Signature:  _____          Signature Date: _____

CLINICAL FINDINGS: (Signs and symptoms of medical condition exhibited by the patient during the encounter that support the need for all services listed above.) _____

HOMEBOUND STATUS: (Describe the clinical and / or physical findings and the functional limitations that result in the patient's normal inability to leave home.) _____

NOTICE: The attached communication contains privileged and confidential information. If you are not the intended recipient, DO NOT read, copy, or disseminate this communication. Non-intended recipients are hereby placed on notice that any unauthorized disclosure, duplication, distribution, or taking of any action in reliance on the contents of these materials is expressly prohibited. If you have received this communication in error, please destroy all pages and contact the sender or the Amedisys Privacy Hotline at 1-866-216-6636.

☐  You may request not to receive future faxes from us. To stop receiving our faxes, please call (888) 755-2327 or send a fax to (877) 288-7168. You must include the specific telephone number of the fax machine(s) at which you do not wish to receive faxes. Failure to comply with your request within 30 days is unlawful.

CCCCCA00BWTM                                                                        2502

# Amedisys
**Home Health Care**

## Fast Track Home Health Referral

*CMS may request medical records from Physicians. Please retain supporting documentation such as d/c summary, labs, last office visit note and medication profile in your medical record.*

Please complete and fax the following information (or attach demographics / face sheet) and office visit note to: **(877) 288-7168.**

| | |
|---|---|
| Patient Name:_____ | SSN:_____ |
| Date of Birth:_____  M  F | Address:_____ |
| Phone:_____ | City, State, Zip:_____ |
| Alternate Contact Name:_____ | Last Flu Vaccine Date:_____ |
| Alternate Contact's Number:_____ | Referral Date:_____ |
| Primary Care Physician:_____ | Insurance Information:_____ (or attach copy) |

**Office Contact Name:**_____   **Office Contact Number:**_____

DIAGNOSIS / MEDICAL CONDITION: *(List the diagnosis / medical conditions that are the primary reason the patient requires home health care.)*

_____

HgbA1C Date:_____   HgbA1C Result:_____

SKILLED SERVICES / INTERVENTIONS: *(Describe services the nurse or therapist will perform in the home, e.g. assess, teach, wound care, gait training.)*

**Qualifying Services**
- ☐ Skilled Nursing for:_____
- ☐ Physical Therapy for:_____
- ☐ Speech Therapy for:_____

**Additional Services**
- ☐ Occupational Therapy   ☐ Social Work   ☐ Home Health Aide

**Additional Orders**_____

### CERTIFICATION FOR FACE-TO-FACE ENCOUNTER

I certify that this patient is under my care and that I, or a nurse practitioner or physician's assistant working with me or a physician who cared for the patient in an acute or post-acute facility had a face-to-face encounter related to the primary reason the patient requires home health that meets CMS requirements with this patient on:

**REQUIRED: Face-to-Face Encounter Date** _____/_____/_____

Based on the above findings, I certify that this patient is confined to the home and needs intermittent skilled nursing, physical therapy, and/or speech therapy. The patient is under my care and I have initiated the establishment of the plan of care for home health.

**Physician's Printed Name:**_____

**Physician Signature**_____   **Signature Date:**_____

CLINICAL FINDINGS: *(Signs and symptoms of medical condition exhibited by the patient during the encounter that support the need for all services listed above.)*_____

HOMEBOUND STATUS: *(Describe the clinical and / or physical findings and the functional limitations that result in the patient's normal inability to leave home.)*_____

NOTICE: The attached communication contains privileged and confidential information. If you are not the intended recipient, DO NOT read, copy, or disseminate this communication. Non-intended recipients are hereby placed on notice that any unauthorized disclosure, duplication, distribution, or taking of any action in reliance on the contents of these materials is expressly prohibited. If you have received this communication in error, please destroy all pages and contact the sender or the Amedisys Privacy Hotline at 1-866-318-6684.

☐ You may request not to receive future faxes from us. To stop receiving our faxes, please call (888) 755-2327 or send a fax to (855) 782-6508. You must include the specific telephone number of the fax machine(s) at which you do not wish to receive faxes. Failure to comply with your request within 30 days is unlawful.

CCGCCA00BWTM  2502  112315



# Our home health representatives are available right now.

## And throughout the holiday weekend.

We understand that health care is a 24-hour business. That's why we have triage nurses standing by around the clock to help any of your patients who might benefit from home health services.

We're here and committed to collaborating with you – day or night – to help ensure your needs and your patient's needs are met throughout the course of their care.

*To make a home health referral,*
*simply fill out the attached referral form or call Amedisys at:*
(501) 268-2292

**Amedisys**
Home Health Care

www.amedisys.com

☐  You may request not to receive future faxes from us. To stop receiving our faxes, please call (888) 755-2327 or send a fax to (855) 782-6508. You must include the specific telephone number of the fax machine(s) at which you do not wish to receive faxes. Failure to comply with your request within 30 days is unlawful.

FX431-1061 REV 12/2016

CCCCCA00BWTM

## Fast Track Home Health Referral

**Amedisys®**
Home Health Care

CMS may request medical records from Physicians. Please retain supporting documentation such as d/c summary, labs, last office visit note and medication profile in your medical record.

Please complete and fax the following information (or attach demographics / face sheet) and office visit note to: (877) 288-7168.

**PATIENT**

| | |
|---|---|
| Patient Name:_____ | SSN:_____ |
| Date of Birth: _____ M  F | Address:_____ |
| Phone:_____ | City, State, Zip:_____ |
| Alternate Contact Name:_____ | Last Flu Vaccine Date:_____ |
| Alternate Contact's Number:_____ | Referral Date:_____ |
| Primary Care Physician:_____ | Insurance Information: (or attach copy)_____ |

Office Contact Name:_____          Office Contact Number:_____

**DIAGNOSIS / MEDICAL CONDITION:** (List the diagnosis / medical conditions that are the primary reason the patient requires home health care.)

HgbA1C Date:_____          HgbA1C Result:_____

**SKILLED SERVICES / INTERVENTIONS:** (Describe services the nurse or therapist will perform in the home, e.g. assess, teach, wound care, gait training.)
**Qualifying Services**
- ☐ Skilled Nursing for:_____
- ☐ Physical Therapy for:_____
- ☐ Speech Therapy for:_____

**Additional Services**
- ☐ Occupational Therapy     ☐ Social Work          ☐ Home Health Aide

**Additional Orders**_____

### CERTIFICATION FOR FACE-TO-FACE ENCOUNTER

I certify that this patient is under my care and that I, or a nurse practitioner or physician's assistant working with me or a physician who cared for the patient in an acute or post-acute facility had a face-to-face encounter related to the primary reason the patient requires home health that meets CMS requirements with this patient on:

**REQUIRED: Face-to-Face Encounter Date** _____ / _____ / _____

Based on the above findings, I certify that this patient is confined to the home and needs intermittent skilled nursing, physical therapy, and/or speech therapy. The patient is under my care and I have initiated the establishment of the plan of care for home health.

**Physician's Printed Name:**_____

Physician Signature                                        Signature Date

**CLINICAL FINDINGS:** (Signs and symptoms of medical condition exhibited by the patient during the encounter that support the need for all services listed above.)

**HOMEBOUND STATUS:** (Describe the clinical and / or physical findings and the functional limitations that result in the patient's normal inability to leave home.)

**NOTICE:** The attached communication contains privileged and confidential information. If you are not the intended recipient, DO NOT read, copy, or disseminate this communication. Non-intended recipients are hereby placed on notice that any unauthorized disclosure, duplication, distribution, or taking of any action in reliance on the contents of these materials is expressly prohibited. If you have received this communication in error, please destroy all pages and contact the sender or the Amedisys Privacy designee at 1-866-418-6684.

☐ You may request not to receive future faxes from us. To stop receiving our faxes, please call (888) 755-2327 or send a fax to (855) 782-6508. You must include the specific telephone number of the fax machine(s) at which you do not wish to receive faxes. Failure to comply with your request within 30 days is unlawful.